UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AUSTIN AREA HOSPITALITY, INC., and<br>NILESH PATEL,<br><br>    Defendants. | Civil Action No. TDC-15-0516 |

**MEMORANDUM OPINION**

On February 24, 2015, Plaintiff Choice Hotels International, Inc. ("Choice Hotels") filed an Application to Confirm Arbitration Award against Defendants Austin Area Hospitality, Inc. and Nilesh Patel ("Defendants") for breach of the parties' franchise agreement in the amount of $86,296.86 plus post-award interest.  According to the arbitration award, Defendants, along with two other parties who settled with Choice Hotels prior to arbitration and are not subject to this action, entered into a franchise agreement with Choice Hotels on March 24, 2003 to operate a hotel in Manor, Texas.  In mid-2011, the franchisees stopped making required payments to Choice Hotels.  After sending notices required by the franchise agreement, Choice Hotels initiated arbitration proceedings.  Defendants did not attend or otherwise seek to participate in the October 2, 2014 arbitration hearing.  The arbitrator awarded $86,296.86 in damages, comprised of "unpaid franchise and system fees, as well as other charges" provided for by the franchise agreement; interest on those fees and charges; the unpaid balance on a loan from Choice Hotels to the franchisees; liquidated damages; and arbitration expenses.  Appl. Ex. 1, Arbitration Award at 1-2, ECF No. 1-1.  The arbitrator also awarded interest on $82,696.86 of

the award, which does not include the costs of arbitration, "at the judgment rate of interest permitted by Maryland law from the date of this Award until paid." *Id.* at 2-3.

Defendants were served on March 12, 2014, but, to date, have failed to file any response or challenge to Choice Hotels' claim. On April 2, 2015, Choice Hotels filed a Motion for Clerk's Entry of Default, ECF No. 5, and a Motion for Default Judgment, ECF No. 6. The Motion for Default Judgment requests that the Court confirm the arbitration award of $86,696.86 and seeks post-judgement interest and $400.00 for the cost of this action. Defendants did not respond to the Motions. On April 8, 2015, the Clerk of the Court entered an Order of Default against Defendants, pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 8. The Court has reviewed the filings in this case, and finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion for Default Judgment is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

I. **Legal Standard**

Under Rule 55(b)(2), a default judgment after an entry of default is left to the discretion of the court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Although the Fourth Circuit recognizes a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a default judgment may be appropriate when a party is unresponsive, *Lawbaugh*, 359 F. Supp. 2d at 422-23 (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). When default judgment is sought with respect to an application for confirmation of an arbitration award, the plaintiff "must show that it is entitled to confirmation of the arbitration award as a matter of law." *United Comty. Bank v. Arruarana*, No.

1:10-cv-248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10 (2d Cir. 2006)).

## II.     The Arbitration Award

The Federal Arbitration Act provides, in part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (2012).  Here, the parties' franchise agreement contains an arbitration clause that states that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction."  Appl. Ex. 2, Franchise Agreement ¶ 22, ECF No. 1-2.  Choice Hotels filed its application to confirm the award within one year of the arbitrator's decision.  Although the record does not indicate in which judicial district the arbitration hearing occurred, the franchise agreement requires that "[a]ny arbitration will be conducted at [Choice Hotels'] headquarters office in Maryland."  *Id.*  The parties in this case appear to be diverse, and the amount in controversy satisfies the jurisdictional minimum for diversity jurisdiction under 28 U.S.C. § 1332(a).  The Court is therefore satisfied that it has jurisdiction to confirm the arbitration award.

Judicial review of an arbitration award is "severely circumscribed," and, in fact, is "among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation."  *Apex Plumbing Supply, Inc. v.*

*U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (footnote omitted).  Thus, where there is a valid contract between the parties providing for arbitration, and the arbitration resolved a dispute within the scope of the arbitration clause, federal courts may vacate an arbitration award only upon a showing of one of the grounds set forth in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law.  *Id*.  Section 10 of the Federal Arbitration Act limits review to the following grounds:  (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or misconduct" on the part of the arbitrators; (3) "the arbitrators were guilty of misconduct" by which "the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers."  9 U.S.C. § 10(a).  A misinterpretation of a contract, or a misinterpretation of law, does not suffice to overturn an award.  *See Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991).  Where an arbitration award is challenged, the party opposing the award bears the burden of proving the existence of grounds for vacating the award.  *Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007).

In this case, the claims resolved by arbitration were within the scope of the parties' franchise agreement.  As noted above, the franchise agreement provides that a claim for breach of the agreement is subject to arbitration, and the arbitrator awarded damages for breach of the parties' franchise agreement.  Choice Hotels filed for confirmation within a year after the arbitration award was granted.  Furthermore, although Defendants were served in this case and received notice of the Motion, Defendants have failed to answer Choice Hotels's application or otherwise make a showing of any grounds for vacating the arbitration award.  There is nothing in the record to suggest that any of the limited grounds for setting aside an arbitration award are present in this case.  *See* 9 U.S.C. § 10(a).  Accordingly, the Court will grant the Motion for

Default Judgment to the extent it seeks confirmation of the arbitrator's award of $86,296.86, plus post-award interest on $82,696.86 of the award at the judgment rate of interest permitted by Maryland law from October 15, 2014, the date of the arbitration award, to the date of this Order.

### III.   Post-Judgment Interest and Costs

To the extent that Choice Hotels also requests post-judgment interest for the time period following this Court's grant of default judgment, Choice Hotels is entitled by statute to such post-judgment interest as calculated under federal law, so the Court need not specifically award it.  *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

Choice Hotels also requests an order requiring Defendants to pay $400.00 in costs, presumably the filing fee for this action.  Regardless of whether Choice Hotels has a legal basis to require Defendants' to pay such costs, and it does not identify any, this request must be denied because Choice Hotels did not seek costs of this action in its Application to Confirm Arbitration Award.  The Court cannot order a default judgment in an amount higher than what was sought in the pleading initiating the action. Fed. R. Civ. P. 54(c).

**CONCLUSION**

For the foregoing reasons, Choice Hotels' Motion for Default Judgment, ECF No. 6, is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED to the extent it seeks confirmation of the arbitrator's award. The Court therefore enters judgment in the amount of $86,296.86, plus post-award interest on $82,696.86 at the judgment rate of interest permitted by Maryland law from October 15, 2014 to the date of this Order. The Motion is DENIED to the extent it seeks court costs for this action. A separate Order follows.


Date: October 14, 2015                             /s/
                                                THEODORE D. CHUANG
                                                United States District Judge